UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:18-cr-204-SDM-SPF
           8:21-cv-2499-SDM-SPF

JONATHAN BUDOWSKI
_____

### ORDER

Jonathan Budowski moves under 28 U.S.C. § 2255 to vacate his convictions for conspiracy to distribute and possess with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime, for which he serves a sentence of 248 months. Budowski claims his guilty plea was involuntary and his counsel rendered constitutionally ineffective assistance.

### BACKGROUND

Under a plea agreement Budowski pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A)(viii) and 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The United States agreed to dismiss the remaining charges from the indictment.

The presentence report calculates a total offense level of 29, a criminal history category of VI, and an advisory guidelines range of 151 to 188 months'

imprisonment, followed by a consecutive 60-month sentence for the § 924(c)(1)(A) offense. The district court sentenced Budowski to 248 month's imprisonment, which consists of 188 months for the conspiracy offense and a consecutive 60 months for the § 924(c)(1)(A).

Budowski appealed, and counsel filed a brief in accord with *Anders v. California*, 386 U.S. 738 (1967). After conducting an "independent review of the entire record," the circuit court "agree[d] with counsel's assessment that any appeal would be frivolous" and affirmed Budowski's convictions and sentence. *United States v. Budowski*, 828 F. App'x 693 (11th Cir. 2020). Budowski now moves to vacate his convictions and sentence and raises three grounds for relief.

## INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

>defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Budowski must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Budowski must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Budowski cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); s*ee also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

## DISCUSSION

*Ground Three*

In Ground Three Budowski claims his guilty plea was involuntary for two reasons: (1) counsel coerced him to plead guilty and (2) a financial conflict of interest adversely affected his decision to plead guilty.

*Coercion*

First, Budowski claims counsel coerced him to accept the factual basis in the plea agreement knowing that it contains false information about the charged offenses. He admits to drug trafficking but argues the factual basis is inaccurate regarding the quantity of drugs and misidentifies the people with whom he trafficked drugs (Civ. Doc. 6 at 9):

> The defendant did purchase cocaine 2 times from Ms. Kelly Ross ¼ ounce once and ½ ounce the second time and went and purchased for Ms. Ross marijuana on 2 or 3 occasions one ounce each time. The defendant never bought or sold methamphetamine or conspire[d] to with Kelly Ross. . . . The defendant is not going to insult the Judge or the Court by saying he wasn't selling or buying methamphetamine, but Budowski is saying and honestly that [it] wasn't to Ross, Hardee, Roberts, Sussek and also wasn't selling and buying the amounts the Government say[s] he was.

Budowski claims he told counsel the factual basis was inaccurate but counsel nevertheless coerced him to plead guilty by threatening that if he did not plead guilty he would "lose [at] trial and die in prison." (*Id.*)

Budowski's claim is refuted by his sworn statements at the plea hearing. At the hearing, he confirmed that he reviewed the plea agreement with counsel and understood "all the provisions and facts in [the] plea agreement before [he] initiated each page and signed the last page." (Crim. Doc. 102 at 18) He twice confirmed he had an opportunity to review the factual basis and lodged no objections to those facts. (*Id.* at 25 and 27) He asked the magistrate judge to explain how his admission to the facts impacted his opportunity to appeal and expressed satisfaction with the magistrate judge's answer (*id.* at 27–29):

| | |
|---|---|
| THE COURT: | Mr. Budowski, you mentioned that you have reviewed all these facts. |
| DEFENDANT: | Yes, sir. |
| THE COURT: | All right.  Do you agree with all the facts as set forth in this plea agreement on pages 18, 19, and 20?  Do you agree with all of those facts? |
| DEFENDANT: | Yes, sir. . . . |
| THE COURT: | Are all of those facts in the plea agreement true, sir? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | All right. The Court finds that there's a factual basis for the plea and will continue. Mr. Budowski, do you understand everything we've discussed up to this point, including your rights, the rights you'd be giving up by pleading guilty, the charges against you, the potential penalties, the potential consequences, the Sentencing Guidelines, and your plea agreement? |
| DEFENDANT: | I got one question. . . . I was just wondering that if by me admitting—admitting to these factual basis that if the Judge was to somehow sentence me outside of the Guidelines, would that have anything to do with my appealing that? |
| THE COURT: | Well, you're admitting to these facts. . . . So these facts will be established . . . regardless of anything else that happens. . . . Now, if there's a reason that you are allowed to appeal your sentence separate and apart from those facts, then you may appeal your sentence on that ground, but it's not going to erase the fact that you've admitted to these facts.  Does that make sense? |
| DEFENDANT: | Yes. Yes, sir. |
| THE COURT: | Does that answer your question? |
| DEFENDANT: | Pretty much, yes, sir. |
| THE COURT: | All right. Well, if it doesn't let me know and I'll try to explain it further. |
| DEFENDANT: | No, that's fine. |

> THE COURT: It's very important, Mr. Budowski, that you understand what's going on and you understand what you're agreeing to. So I want to make sure you're comfortable and that you understand you're making a knowing and voluntary plea here. So if you don't understand or I haven't been sufficiently clear, please let me know.
>
> DEFENDANT: I understand.

Budowski confirmed he was "fully satisfied with [counsel's] advice and representation" and that counsel "[did] everything [Budowski] asked of him[.]" (*Id.* at 8) He confirmed that, other than the promises contained in the plea agreement, no one had promised him anything to persuade him to plead guilty. (*Id.* at 25) And, he confirmed that no one "threated [him], forced [him], coerced [him], or intimidated [him] regarding [his] decision to plead guilty." (*Id.* at 30) At the conclusion of the hearing, the magistrate judge found that Budowski was pleading guilty freely, voluntarily, and knowingly with the advice of counsel, and Budowski never objected to this finding. (*Id.* at 31–32)

At the sentencing hearing, Budowski made no attempt to withdraw his guilty plea and lodged no objection to the factual content of the presentence report. (Crim. Doc. 99 at 4) He informed the district court during allocution neither of any dissatisfaction with counsel's representation nor any disagreement with the factual basis supporting his guilty plea. (*Id.* at 12)

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487, 493 (1962). However, a

defendant's statements at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements under oath a plea colloquy are true."). "[W]hen a defendant makes statements under oath a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Budowski offers insufficient evidence to disavow his admissions under oath to the factual basis supporting his guilty plea, his satisfaction with counsel's representation, and his confirmation that no one, including counsel, coerced him to plead guilty. He made specific assurances during the plea hearing that discredit his current claim that counsel coerced him to plead guilty knowing that the factual basis was inaccurate. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) ("The district court is entitled to discredit a defendant's newly-minted story about being [coerced] when that story is supported only by the defendant's conclusory statements" and is contradicted by the record of the change-of-plea colloquy.). And, given his admission in this action to drug trafficking (Civ. Doc. 6 at 9), he cannot show that there is a "reasonable probability that but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 582 U.S. 357, 364 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

*Financial conflict of interest*

Second, Budowski argues that counsel persuaded him to plead guilty in order to serve his own pecuniary interests.[1] He asserts that counsel believed "the case required too much work and effort for the amount of money he was being paid[.]" (Civ. Doc. 1 at 7) He complains that counsel refused to investigate witnesses and file pretrial motions because he was "over budget." (*Id*. at 17) He alleges counsel stated, "I'm only getting ten thousand if you take a plea and only thirty thousand if you go to trial." (*Id*.)

To demonstrate that counsel provided ineffective assistance due to a conflict of interest, the movant must show that (1) counsel had an actual conflict of interest and (2) the conflict adversely affected counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Caderno v. United States*, 256 F.3d 1213, 1218 (11th Cir. 2001). To satisfy the first prong, the defendant cannot merely show the "possibility" of a conflict, but "must establish that an actual financial conflict existed by showing that his counsel actively represented his own financial interest." *Caderno*, 256 F.3d at 1218. The defendant "must be able to point to specific evidence in the record showing that his attorney actually made decisions that benefitted the attorney but harmed the client." *Lugo v. United States*, 349 F. App'x 484, 487 (11th Cir. 2009) (citing *Reynolds v. Chapman*, 253 F.3d 1337, 1342 (11th Cir. 2001)). "To prove

---

[1] Counsel was appointed to represent Budowski under the Criminal Justice Act ("CJA") after the Office of the Federal Defender withdrew its representation due to a conflict. (Crim. Docs. 44–47) The CJA establishes a comprehensive system for appointing and compensating legal representation for accused persons who are financial unable to retain counsel in federal criminal proceedings. *See generally* 18 U.S.C. § 3006A.

adverse effect, a defendant needs to demonstrate: (a) that the defense attorney could have pursued a plausible alternative strategy, (b) that his alternative strategy was reasonable, and (c) that the alternative strategy was not followed because it conflicted with the attorney's external loyalties." *Reynolds*, 253 F.3d at 1343.  When the defendant pleads guilty, the court should consider whether the alleged conflict adversely affected the defendant's decision to plead guilty.  *Pegg v. United States*, 253 F.3d 1274, 1278 (11th Cir. 2001).

Budowski's claim of a financial conflict of interest is illogical and speculative.  According to Budowski, counsel stated, "I'm only getting ten thousand if you take a plea and only thirty thousand if you go to trial."  Accepting this allegation as true, counsel would receive *more* financial compensation if his client proceeded to trial.  Therefore, under Budowski's theory, counsel's pecuniary interests were not adverse to, but rather aligned with, his *post-hoc* desire to proceed to trial.  Furthermore, the mere suggestion that counsel's compensation under the CJA was somehow insufficient and influenced counsel to persuade Budowski to plead guilty is purely speculative and does not show an actual conflict of interest.  *Caderno*, 256 F.3d at 1218–19 ("Without a showing of actual conflicting interest, there is no constitutional violation.").  Budowski fails to overcome the presumption that counsel "subordinate[d] his . . . pecuniary interests and honor[ed] his . . . professional responsibility to [his] client."  He fails to show that counsel's pecuniary interests resulted in an actual conflict of interest that adversely affected his representation.  *See id.* ("A speculative or hypothetical conflict does not violate the Constitution.")

*Grounds One and Two*

    *Waiver*

In Grounds One and Two, Budowski claims counsel was ineffective for not investigating witnesses and not filing a motion to suppress. Budowski waived these claims by pleading guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional challenge to the constitutionality of the conviction:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See also United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."). "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction[.]" *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992).

Budowski acknowledged this waiver while under oath at the plea hearing (Crim. Doc. 102 at 10):

| | |
|---|---|
| THE COURT: | By pleading guilty you also waive and give up your right to challenge the way in which the government obtained any evidence, statement, or confession. . . .Do you fully understand all of your rights and the rights you would be giving up by pleading guilty? |
| DEFENDANT: | Yes, sir, I do. |

Budowski's counseled and voluntary guilty plea precludes relief on Grounds One and Two. *See Wilson*, 962 F.2d at 997. And, even if Grounds One and Two were not waived, they lack merit.

### *Ground One: Merits*

In Ground One, Budowski complains that counsel failed to investigate "several witnesses," and he believes those witnesses "would exonerate him from the charges or question the credibility of the government's witnesses." (Civ. Doc. 1 at 3)

Counsel's duty to conduct pretrial investigation is governed by a reasonableness standard. *See Mitchell v. Kemp*, 762 F.2d 886, 888 (11th Cir. 1985). "The decision whether to present a line of defense or even to investigate it, is a matter of strategy and is not ineffective unless the movant can prove that he chosen course, in itself, was unreasonable." *Hardwick v. Crosby*, 320 F.3d 1127, 1162 n. 146 (11th Cir. 2003). "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that [courts] will seldom, if ever, second guess." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995).

The unrefuted record shows that counsel conducted a thorough investigation of witnesses and retained a private investigator to assist in the pretrial investigation.

(Civ. Doc. 3-1 at 3–4) Although Budowski provided counsel with names of potential witnesses, several of those witnesses could not be located after significant effort. And, counsel "believed at the time that [several of the located witnesses] could impact Mr. Budowski's case in a fashion detrimental to him." (*Id*. at 7) Budowski's pure speculation that specific witnesses would have offered unspecified testimony to assist in his defense is insufficient to show that counsel's pretrial investigation of witnesses was deficient or prejudicial.

### *Ground Two: Merits*

In Ground Two Budowski faults counsel for not moving to suppress evidence which resulted in his arrest and prosecution, specifically drugs and firearms discovered in a motel room in which he stayed overnight.

To show that counsel unreasonably neglected to move to suppress evidence, the movant must show (1) that a constitutional violation actually occurred, such that the motion to suppress or objections would have had merit, (2) that it was objectively unreasonable for counsel not to file the motion to suppress, and (3) that there is a reasonable probability the outcome of the case would have been different absent the excludable evidence. *See Kimmelman v. Morrison*, 477 U.S. 365, 374–75 (1986). Budowski neglects to explain why a motion to suppress would have been meritorious, why it was unreasonable for counsel not to file the motion, or that the outcome of the case would have been different. Instead, he argues counsel should have filed the motion simply because the Office of the Federal Defender prepared a draft of the motion before withdrawing from the case. (Civ. Doc. 1 at 14)

Counsel offers an objectively reasonable explanation for his decision not to pursue a motion to suppress (Civ. Doc. 3-1 at 11):

> I felt in order to establish standing to attack the search [of the motel room] that Mr. Budowski . . . would have to testify as to his overnight stays there. My thought at the time was that if Mr. Budowski testified at a motion to suppress that he was an overnight guest, that he maintained property in the hotel room to exhibit his presence as more than a temporary visitor, or testified that he was present in the room with some stability, he would have married himself to the room which would have been a hindrance a trial. In other words, it was my opinion that if we proceeded to trial and Mr. Budowski testified that he had little connection to the hotel room in an attempt to separate himself from the contraband found, his testimony would be devastated by his own prior testimony to establish standing at a motion to suppress. Furthermore, had this occurred I felt he could face exposure for obstruction of justice.

"Attempting to avoid or minimize the risks associated with having to offer live witness testimony . . . is a strategy that an objectively reasonable trial attorney could have chosen." *Spriggs v. United States*, No. 19-13238, 2022 WL 2345758, at *15 (11th Cir. June 29, 2022) (finding that counsel was not deficient for not filing a motion to suppress after assessing the merits and risks of the motion). Budowski cannot show that no competent counsel could have decided to forego moving to suppress the evidence seized from the motel room. *See id*. (citing *Chandler*, 218 F.3d at 1315).

Budowski's motion under 28 U.S.C. § 2255 (Civ. Doc. 1) is **DENIED**. The clerk is directed to enter a judgment against Budowski, close this case, terminate any pending motions, and enter a copy of this order in the criminal case.

## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL IN FORMA PAUPERIS

Budowski is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Budowski must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Budowski is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Budowski must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 26th, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE